UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

SEAN PETERS,

      Plaintiff,                             DEMAND FOR JURY TRIAL

 -vs-                                  Case No.
                                          Hon.

MAXIMUS FEDERAL SERVICES, INC.*,*
    *doing business as "Aidvantage"*

    Defendant.

## COMPLAINT & JURY DEMAND

1.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## Jurisdiction

2.    This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. and 28 U.S.C. §§1331, 1337.

1

3. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

4. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

6. Venue is proper in the Eastern District of Michigan.

## Parties

7. Sean Peters resides in Beverly Hills, Michigan in Oakland County.

8. Sean Peters is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

9. The Defendant to this action is Maximus Federal Services, Inc. ("MFSI"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**General Factual Allegations**

10.     In April of 2025, Plaintiff discovered that someone other than Plaintiff, without the authorization or knowledge of the Plaintiff, used Plaintiff's name and other personal identifiers to obtain student loans ("fraudulent student loans") from the Defendant.

11.     As soon as the Plaintiff discovered that he had been the victim of identity theft and that someone had taken out student loans from Defendant without his authorization nor his knowledge, Plaintiff made a police report with his local police department and began disputing his liability for the loans directly and in writing with Defendant.

12.     Between May of 2025 and August 30, 2025, Plaintiff provided the Defendant with sufficient documentation such that the Defendant had actual knowledge that the fraudulent student loans were not his loans and that the fraudulent student loans were taken out without his knowledge nor his authorization.

13.     In spite of the fact that Plaintiff provided the Defendant with sufficient documentation such that the Defendant had actual knowledge that the fraudulent student loans were not his loans and that the fraudulent student loans were taken out without his knowledge nor his authorization, Defendant continued to attempt to collect these loans from the Plaintiff.

14. When MFSI began reporting the fraudulent student loans to the credit reporting agencies, Plaintiff discovered this false information on one or more of his consumer reports being reported by MFSI ("MFSI false information") .

15. Mr. Peters disputed the MFSI false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

16. Mr. Peters requested that the credit reporting agencies reinvestigate and correct the MFSI false information as envisioned by 15 U.S.C. § 1681i.

17. Mr. Peters's request for reinvestigation included sufficient information to provide actual notice that the MFSI false information was inaccurate and the source of information was not reliable.

18. One or more credit reporting agencies responded to this dispute from Mr. Peters by requesting verification of the MFSI false information from MFSI.

19. MFSI responded to the reinvestigation request by verifying the MFSI false information.

20. MFSI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

21. As a result of MFSI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer concrete, actual damages in an undue reduction of his credit score.

22. In addition, MFSI continues to attempt to collect the fraudulent student loans from the Plaintiff in spite of actual or constructive knowledge that the laons are not his, in violation of the Fair Debt Collection Practices Act ("FDCPA") , 15 U.S.C. §1692k.

### COUNT  I – Fair Credit Reporting Act (MFSI)

23. Mr.  Peters incorporates the preceding allegations by reference.

24. MFSI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Peters through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

25. In the event that MFSI was unable to verify the information which it had reported after a reasonable reinvestigation, MFSI was required to advise the credit reporting agency of this fact.

26. MFSI did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the MFSI false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

27. MFSI did not conduct a reasonable reinvestigation, and continued to report the MFSI false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

28. Following dispatch of notice directly to MFSI, MFSI reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

29. Following the dispatch of direct notice to MFSI, MFSI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30. MFSI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Peters's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

31. In the alternative,  MFSI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

32. MFSI  willfully refused to properly reinvestigate the inaccuracies in Mr. Peters's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

33. In the alternative, MFSI negligently failed to conduct a proper reinvestigation of Mr. Peters's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

34. Mr. Peters has suffered damages as a result of these violations of the FCRA.

## COUNT  II – Intentional Infliction of Emotional Distress

### (MFSI)

35. Plaintiff  incorporates the preceding allegations by reference.

36. MFSI's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

37. MFSI intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

38. MFSI's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

39. Plaintiff has suffered damages as a result of the conduct of MFSI.

## COUNT  III – Negligence

## (MFSI)

40. Plaintiff incorporates the preceding allegations by reference.

41. MFSI owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

42. MFSI's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

43. Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by MFSI.

## COUNT  IV– Negligence *Per Se*

## (MFSI)

44. Plaintiff incorporates the preceding allegations by reference.

45. MFSI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

46. Those unreasonable actions were *per* se unreasonable.

47. Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by MFSI.

## COUNT IV – Defamation by Libel

### (MFSI)

48.   Plaintiff incorporates the preceding allegations by reference.

49.   MFSI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

50.   MFSI's publications were not privileged communications.

51.   MFSI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

52.   The statements were *per se* defamatory.

53.   Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

54.   Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT V – Malicious Statutory Libel

### (MFSI)

55.   Plaintiff incorporates the preceding allegations by reference.

56.   The inaccurate credit information was published with malice or ill-will.

57.   Plaintiff has suffered damages as a result of this malicious libel by MFSI in violation of M.C.L. § 600.2911.

9

58.     Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### COUNT VI – Fair Debt Collection Practices Act (MFSI)

59.     Mr. Peters incorporates the preceding allegations by reference.

60.     At all relevant times MFSI – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

61.     MFSI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

62.     MFSI 's foregoing acts in attempting to collect this alleged debt against Mr. Peters constitute violations of the FDCPA.

63.     Mr. Peters has suffered damages as a result of these violations of the FDCPA.

### COUNT VII – Michigan Occupational Code (MFSI)

64.     Mr. Peters incorporates the preceding allegations by reference.

65.     MFSI is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

66.     Mr. Peters is a debtor as that term is defined in M.C.L. § 339.901(f).

67.     MFSI 's foregoing acts in attempting to collect this alleged debt against Mr. Peters constitute violations of the Occupational Code.

68.    Mr. Peters has suffered damages as a result of these violations of the Michigan

Occupational Code.

## Demand for Jury Trial

69.    Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY,* Plaintiff requests *that this Court assume jurisdiction over all*

*claims and award  actual damages, statutory damages, costs and attorney fees.*


Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Sean Peters
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:   adamgtaub@clgplc.net


Dated: April 17, 2026


11